IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Ronald L. Watson,<br>    Plaintiff, | )<br>)<br>) |
| v. | )     1:12cv724 (LMB/TCB) |
| | ) |
| Sgt. Christopher Spangler, et al.,<br>    Defendants. | )<br>) |

## MEMORANDUM OPINION

Ronald L. Watson, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983, alleging use of excessive force and denial of adequate medical care at Pamunkey Regional Jail ("PRJ"). By Order dated July 18, 2012, deficiencies in the initial complaint were discussed, and plaintiff was allowed an opportunity to particularize and amend his allegations. In addition, plaintiff was required to submit additional information concerning his administrative exhaustion of the claims. In response to the Order, plaintiff in relevant part returned a Verified Statement indicating that his claims were not exhausted because there were no administrative remedies available to him at PRJ. Dkt. 6. By Order dated September 10, 2012, one of plaintiff's claims was dismissed as barred by the statute of limitations,[1] plaintiff's request for the appointment of counsel was denied without prejudice, and service of the amended complaint was directed on seven (7) defendants. It was noted in the Order that plaintiff acknowledged in his Verified Statement that he had not exhausted his claims, and that the issue

---

[1] Specifically, the initial complaint included allegations concerning a hand injury plaintiff suffered on November 24, 2009. Because the complaint was filed June 26, 2012, more than two years after the incident plaintiff described, he was directed in the Order of July 18 to show cause why the claim should not be dismissed as time-barred. When plaintiff made no such showing, the claim was dismissed with prejudice pursuant to 28 U.S.C. §1915A for failure to state a claim.

1

could be addressed more appropriately at a later stage of the proceedings. Dkt. 8, n. 1.

On January 9, 2013, defendants filed a joint Motion for Summary Judgment and supporting memorandum, and provided plaintiff with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K). By March 5, 2013, plaintiff had filed no reply, and the Court directed him to show cause within fourteen (14) days why the action should not be summarily dismissed for his failure to contest the facts and issues stated by defendants in support of the Motion for Summary Judgment. Plaintiff responded by sending a letter to the Court, stating that he "does not have the knoweledge [sic] to ... file the right paperwork," because he "got someone else to file the motion in this court and now they are gone." Plaintiff concludes that he "need[s] help with this matter." To the extent that plaintiff's prayer for "help" might be interpreted as a renewed motion for the appointment of counsel, his request must be denied for the reasons stated in the Order of September 10. Plaintiff does not contest the facts and issues stated by defendants in support of the Motion for Summary Judgment. For the reasons which follow, defendants' Motion for Summary Judgment will be granted, and summary final judgment will be entered in their favor.

## I. Facts

The following material facts are undisputed. On June 4, 2012, plaintiff arrived at PRJ as a pretrial detainee. Hopkins Dec. ¶ 4; Spangler Dec. ¶ 3. Upon his admission, plaintiff received a size 3X blue jumpsuit, and he did not complain about its fit. Spangler Dec. ¶¶ 4 - 5. While confined in the holding cell, plaintiff did not tell Sgt. Spangler about any medical or mental issues, and he did not ask to see medical staff. Spangler Dec. ¶¶ 6 - 7.

Plaintiff was evaluated in the holding cell by EMT Jeff Pitts early in the morning of June 5, 2012. Pitts' recommendation that plaintiff be placed in protective custody was accepted.

Spangler Dec. ¶¶ 6, 9; Pitts Dec. ¶¶ 4, 6. When plaintiff arrived in protective custody, he received a size 3X orange jumpsuit. Spangler Dec. ¶ 14.

Later that morning, at around 5:00 a.m., Officer Overton escorted plaintiff to pretrial services. As they entered the intake area, Sgt. Spangler ordered plaintiff to his cell by pointing at the cell; he did not point or push his finger into plaintiff's face. Overton Dec. ¶¶ 6 - 7; Snead Dec. ¶¶ 5 - 6; Spangler Dec. ¶ 21. Plaintiff ignored the order and walked toward the intake counter, complaining about his jumpsuit. Snead Dec. ¶ 6. Officer Carlino ordered plaintiff to go to the cell. Carlino Dec. ¶ 7; Spangler Dec. ¶ 18. Plaintiff ignored the order to enter the cell and became verbally aggressive toward Sgt. Spangler when he was informed that his uniform would not be changed. Carlino Dec. ¶8; Spangler Dec. ¶¶ 18 - 19. Sgt. Spangler reached for plaintiff's right arm to escort him to the cell, and plaintiff began to swing his arms and became physically aggressive. Overton Dec. ¶¶ 9 - 10; Spangler Dec. ¶ 22. Plaintiff put his arms around Sgt. Spangler's waist, and both fell into the phones. Spangler Dec. ¶ 23; Overton Dec. ¶ 12. Officer Snead held plaintiff's right arm and Officer Overton held the left arm, and Officer Carlino broadcast an "officer needs assistance" call over the jail's radio system. Snead Dec. ¶ 7; Overton Dec. ¶ 11; Carlino Dec. ¶ 11. Officer Snead placed plaintiff on a sofa to gain control of him, and plaintiff threatened both Snead and Sgt. Spangler. Carlino Dec. ¶ 12; Overton Dec. ¶ 17; Pitts Dec. ¶ 15. Sgt. Spangler accompanied Officers Overton and Snead as they escorted plaintiff to his cell. Spangler Dec. ¶ 28. The officers did not curse plaintiff, bang plaintiff's head into any object, or put their knees into plaintiff's back, and they placed no handcuffs or restraints on plaintiff to gain control over him. Snead Dec. ¶13; Spangler Dec. ¶¶ 32, 29 - 30. EMT Pitts responded to the "officer needs assistance" call and asked plaintiff if he needed medical attention, and plaintiff declined. Pitts Dec. ¶¶ 9, 12. Plaintiff complained of no injuries, and

Pitts observed none. Pitts Dec. ¶¶ 13 - 14.

As the result of the foregoing incident, plaintiff received disciplinary charges of assault, threatening bodily harm, disobeying a direct order, and interfering with security operations. He was found guilty of the disciplinary infractions on June 14, 2012, and the charges subsequently were upheld. Hopkins Dec. ¶¶ 8 - 11.

The following day, June 6, 2012, plaintiff told Lt. Pryor that he needed to go to the medical department, but he gave no reason. Lt. Pryor told plaintiff to submit a medical request form. Pryor Dec. ¶¶ 5 - 6, 9. On that same day, plaintiff mentioned shoulder pain to Sgt. Hanner. Hanner Dec. ¶ 5. Hanner asked Officer Garthaffner to contact the medical department to report plaintiff's complaint, which Garthaffner did. Hanner Dec. ¶ 7; Garthaffner Dec. ¶ 3. Also on the same day, plaintiff told Sgt. Berry that he needed to see the medical department because his arm hurt, and Berry told him to submit a medical request form. Berry Dec. ¶ 4, 6.

Between one and two weeks later, plaintiff again told Sgt. Berry that his arm hurt. Berry asked if plaintiff had submitted a medical request form, and plaintiff said no. Berry Dec. ¶ 9. Plaintiff did not mention his arm pain to Berry again after that. Berry Dec. ¶ 11.

The only medical request form plaintiff submitted regarding injuries allegedly sustained in the incident of June 5 was dated August 10, 2012. Rice Dec. ¶ 5, 19. Although plaintiff was evaluated by a physician's assistant twice in July, 2012, he did not complain of any injury to his left or right elbow or his left right shoulder on either occasion. Rice Dec. ¶ 12. On July 28, plaintiff was seen in the medical department for complaints of back or flank pain and an infected hip, and he denied other injury or illness during this visit. Rice Dec. ¶ 14. Similarly, plaintiff was seen in the medical department for various other ailments on September 17, September 18, September 21, and September 27, 2012, and he made no complaints regarding injury to his

4

elbows or right shoulder during any of those visits. Rice Dec. ¶¶ 21 - 24.

## II. Analysis

A. <u>Excessive Force Claim is Unexhausted</u>

Because defendants have established that PRJ has a grievance process that is available to pretrial detainees and that plaintiff failed to utilize that process to exhaust his claim of excessive force, the claim must be dismissed.

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See 42 U.S.C. § 1997e(a). Now, "[e]xhaustion is no longer left to the discretion of the district court, but is mandatory." Woodford v. Ngo, 548 U.S. 81, 85 (2006); see also, Langford v. Couch, 50 F.Supp.2d 544, 548 (E.D. Va. 1999) (Ellis, J.). Moreover, the PLRA requires "proper" exhaustion, which demands "compliance with an agency's deadlines and other critical procedural rules." Id. at 90-91, 93. In the context of prisoner lawsuits, proper exhaustion provides institutions the opportunity to correct their errors before being hauled into federal court, reduces the quantity of prisoner suits by either granting relief at the administrative level or persuading prisoners not to further pursue their claim in a federal court, and improves the quality of the prisoner suits that are filed in federal court by creating an administrative record for the court to reference. Id.

When, as here, a Virginia prisoner is confined in a local jail, before bringing an action in federal court he must receive a response to his properly-filed grievance and, if unsatisfactory, he must pursue it through all available levels of appeal before presenting the claim in federal court.

Defendants in this action have submitted the declaration of Kim Hopkins, the Captain of

5

Administration at PRJ who is tasked with handling all inmate grievances. Def. Ex. A, ¶¶ 2 - 4. PRJ has a grievance process which is available to all inmates and pretrial detainees, and inmates may file grievances regarding the use of force by jail personnel. Id., ¶¶ 5 - 6. However, plaintiff filed no grievance regarding the incident of June 5, 2012 that forms the basis of his present excessive force claim. Id., ¶ 7. Because plaintiff failed to follow the mandatory requirement of fully and properly exhausting his claim of excessive force, the claim is not cognizable in this § 1983 proceeding.

B. <u>Claim of Deliberate Indifference is Without Merit</u>[2]

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that summary judgment is appropriate. See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). To meet that burden, the moving party must demonstrate that no genuine issues of material fact are present for resolution. Id. at 322. Once the moving party has met its burden to show that it is entitled to judgment as a matter of law, the burden shifts to the non-moving party to point out the specific facts which create disputed factual issues. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Matsushita Electrical Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). Those facts which the moving party bears the burden of proving are facts which are material. "Only disputes over facts which might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson</u>, 477 U.S. at 248. An issue of material fact is genuine when, "the evidence ... create[s] [a] fair doubt; wholly speculative

---

[2] Defendants do not argue that plaintiff failed to exhaust the deliberate indifference claim.

assertions will not suffice." Ross v. Communications Satellite Corp., 759 F.2d 355, 364 (4th Cir. 1985). Thus, summary judgment is appropriate only where no material facts are genuinely disputed and the evidence as a whole could not lead a rational fact finder to rule for the non-moving party. Matsushita, 475 U.S. at 587.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to show that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). Thus, plaintiff must allege two distinct elements to state a claim upon which relief can be granted. First, he must allege a sufficiently serious medical need. See, e.g., Cooper v. Dyke, 814 F.2d 941, 945 (4th Cir. 1987) (determining that intense pain from an untreated bullet wound is sufficiently serious); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978) (concluding that the "excruciating pain" of an untreated broken arm is sufficiently serious). Second, he must allege deliberate indifference to that serious medical need. Under this second prong, an assertion of mere negligence or even malpractice is not enough to state an Eighth Amendment violation; instead, plaintiff must allege deliberate indifference "by either actual intent or reckless disregard." Estelle, 429 U.S. at 106; Daniels v. Williams, 474 U.S. 327, 328 (1986); Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). The prisoner must demonstrate that defendants' actions were "[s]o grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Id. (citations omitted). Importantly, a prisoner's disagreement with medical personnel over the course of his treatment does not make out an Eighth Amendment cause of action. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

To satisfy the first component of an actionable Eighth Amendment claim, a condition is sufficiently serious to merit constitutional protection if it is "a condition of urgency, one that may

produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). Here, plaintiff's vague allegations of shoulder and elbow pain do not appear to meet this standard. But even if it were assumed that they do, defendants have established that they were not deliberately indifferent to plaintiff's medical needs. The uncontested facts demonstrate that plaintiff mentioned shoulder pain to Sgt. Hanner and arm pain to Sgt. Berry on June 6. Both officers encouraged plaintiff to submit medical request forms to receive medical attention. Sgt. Hanner also asked another officer to contact the medical department on plaintiff's behalf. When plaintiff next mentioned arm pain to Sgt. Berry about two weeks later, Berry again advised him to obtain medical attention by filling a medical request form. Because it is apparent that defendants were not deliberately indifferent to plaintiff's medical needs either through actual intent or reckless disregard, no Eighth Amendment violation occurred. Estelle, 429 U.S. at 106.

## IV. Conclusion

For the foregoing reasons, defendants' Motion for Summary Judgment will be granted, and summary final judgment will be entered in their favor. An appropriate Order shall issue.

Entered this 5th day of April 2013.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge